758 A.2d 157

MONICA MALONE, PLAINTIFF–RESPONDENT, v. MIDLANTIC BANK, N.A., NOW KNOWN AS PNC BANK, N.A., DEFENDANT, AND ROBERT HERDELIN, GERALDINE HERDELIN, AND WADE MCKISSICK, DEFENDANTS/INTERVENORS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued July 24, 2000—Decided August 4, 2000.

Before Judges STEINBERG and LEFELT.

*Richard A. Grossman* argued the cause for appellants (*Grossman, Kruttschnitt, Heavey & Jacob*, attorneys; *Mr. Grossman*, of counsel; *Mr. Grossman* and *Roberta DiBiase*, on the briefs).

*Joseph P. Murray* argued the cause for respondent.

PER CURIAM.

This appeal arises from two decisions of Judge Gibson denying:(1) defendant Robert Herdelin's motion under *R.* 4:50–1 to vacate a final judgment of foreclosure on a Brigantine condominium that had been obtained by plaintiff Monica Malone; and (2) defendants Geraldine Herdelin's and Wade McKissick's application as tenants in occupancy to redeem the Brigantine condominium in question.

After reviewing the record in light of the parties' arguments and the pertinent law, we affirm substantially for the reasons stated by Judge Gibson in his April 23, 1999 oral decision dealing with Mr. Herdelin's claim and his September 9, 1999 decision, *Malone v. Herdelin*, published at 334 *N.J.Super.* 238, 758 A.2d 158 (Ch. Div.2000), dealing with Ms. Herdelin's and Mr. McKissick's claims.

We add only that defendant Robert Herdelin never argued that the foreclosure judgment should be vacated under *R.* 4:50–1(f) when he was before Judge Gibson. Therefore, we need not consider this issue. *Nieder v. Royal Indem. Ins. Co.*, 62 *N.J.* 229, 234, 300 *A.*2d 142 (1973). Nevertheless, we conclude that the circumstances presented do not justify relief from the judgment under this provision of the applicable rule.

We acknowledge that Mr. Herdelin allegedly will lose a substantial investment because of the foreclosure, and plaintiff's judgment constitutes a significant profit. However, to vacate plaintiff's judgment in this case would, in our opinion, significantly impair the integrity of the Recording Act. *N.J.S.A.* 46:22–1. There is simply no excuse for Mr. Herdelin's failure to record his deed.

Affirmed.